The only question in this court is, whether the appellants acquired a title to the property in question, by virtue of the assignment thereof to them by the wife in trust for her creditors, good as against the title, which is the respondent's, acquired by virtue of an assignment subsequently made to them by the husband in trust for the benefit of his creditors. That the relation of husband and wife between Bruce McKinney and Mary B. McKinney was created by their marriage in 1842, and continued to exist down to the time of the trial, clearly appears from the facts found by the court below, which findings were warranted by the evidence. All the personal property of the wife in possession at the time of this marriage became at once, by virtue thereof, vested in the husband. (2 Kent's Com. 130; Clancy's Rights of Women, 3.) He continued the owner of the property used by them in the business down to their separation in 1844. (See authorities,supra.) The rights and powers of Mrs. McKinney, and consequently the title of the defendants, depend upon the effect of the deed of separation then executed between McKinney, his wife and George Langdon, and the subsequent acts of the parties to this instrument. This deed, after reciting differences between the parties, McKinney and wife, and that they had agreed to *Page 622 
live separately, provides that all the goods in the two stores, then occupied by them, and all the household furniture, and the leases of the stores and dwelling, and the debts that had accrued in the business theretofore done should thereafter belong to the said Mary for her sole and separate use as if she were sole. That the said Bruce should receive out of the stocks and profits of the business the sum of $2,000, which he acknowledged the receipt of from said Mary. In consideration of which said Bruce transferred to said Langdon all his right to said property for the use of said Mary, and providing further that said Mary should pay all the debts that had accrued in said business. That they should thereafter live separately. That said Mary might thereafter carry on such trade or business as she might choose, the same as if sole, without any interference of said Bruce. That the said Mary should absolutely enjoy and dispose of any property she then had, or might thereafter acquire, the same as if sole and unmarried. It is insisted by the counsel for respondents that there was no consideration received by Bruce McKinney for the deed of separation, inasmuch as the entire stocks of goods and profits of the business were his, and that consequently the $2,000 received by him therefrom was but the taking of a part of what was already his own. In this the counsel is entirely correct; but the further deduction therefrom that for want of consideration the entire deed is a nullity, as to Bruce McKinney, is not quite so clear. Langdon is a party to the deed, and although not named as trustee for the wife, the transfer of the property to him for her use shows that he was a party in that character. Possession of the property was given to the wife, or Langdon, as trustee, at the time of the execution of the deed, and Bruce McKinney never had any thing further to do with it. If possession was given to the wife, she held it under Langdon, to whom it was transferred by the deed. This, then, although without consideration to Bruce McKinney, was operative as a gift by him to the trustee for the use of the wife, accompanied by delivery of possession, with that intent, and thus effectual as a gift irrespective of a *Page 623 
consideration therefor. Bruce McKinney thus divested himself of all title to the property then on hand, which became vested in Langdon, as trustee of the wife. It is insisted by the counsel that deeds or agreements of separation between husband and wife will not be enforced either at law or in equity unless there be a consideration therefor. This position is correct. (Beach v.Beach, 2 Hill, 260.) But this is not enforcing the argument. It merely applies the legal rules governing gifts of chattels accompanied by delivery to the agreement and acts of the parties. This gift to Langdon, in trust for the wife, would have been valid against Bruce McKinney and his representatives without any agreement for separation. Existing creditors of Bruce might have set aside the transfer as fraudulent as to them. There are no such creditors in this case. The position of the respondents is no better than that of McKinney, were he a party. (Van Heusen
v. Radcliff, 17 N.Y. 580.) The property in question was acquired by the wife in business carried on exclusively by her, in her own name, with the proceeds of the property thus transferred to Langdon and by purchases upon her own credit and in her own name, without any interference at all of the husband, who lived separate and apart from her, except occasional visits upon his return to New York from his voyages at sea, and without any of his means or credit being used in the business. The counsel for the respondent insists, that the husband, having permitted the wife to carry on this business and make purchases upon credit, became liable as debtor for such purchases, and cites in support of this position Gates v. Brower (5 Seld. 205) and cases there cited. A close examination of these cases will show that they are only applicable to cases where the facts warrant the presumption of an authority from the husband to the wife to make the purchases as agent for him. So far from there being any such presumption in this case, it is wholly repelled by the facts, showing an entire want of authority by the wife to use the credit of the husband. The rule is, that, where credit is given solely to the wife, upon a sale to her, the husband is *Page 624 
not liable although they live together and he sees her in possession of the goods thus bought. (Story on Contracts [4th ed.] § 103; Bright on Husband and Wife, 17, 18; Goulding v.Davidson, 26 N.Y. 604.) In Knapp v. Smith (27 N.Y. 277) it was held by this court that since the statutes of 1848 and 1849, enlarging the rights of married women, and before the act of 1860, a married woman might acquire property by purchase upon credit to her own use, and that the husband acquired no title to such property notwithstanding the inability of the wife to make a contract binding herself to pay for such property. The separation in this case was in 1844; the business was carried on by the wife until 1854, when she made the assignment to the appellants and delivered the property in question to them. There is no express finding as to when the purchases of the property on hand in 1854 were made, but they must have been after the passage of the act of 1848, as the statute of limitations would have run upon all contracts made before that time when the assignment was made. My conclusion is that Bruce McKinney had no title to the property in question, and that consequently none was acquired by the respondents under his assignment to them. But if wrong in the above reasoning, how, then, stands the case? If Bruce McKinney had title to or interest in the property, he had expressly authorized his wife by the deed to dispose of the same as she chose, the same as if sole and unmarried. Clearly he could not annul this power after execution by the wife, conferring interests upon third persons to the prejudice of such persons. It is said there were no such interests, for the reason that the wife, being incapable of binding herself to pay for goods purchased by her upon credit, there were no debts and consequently no creditors for whom the appellants are trustees. This in one sense is true; but, when the wife has actually paid for goods so purchased, the money so paid cannot be recovered back by her. And where, as in this case, she has provided for such payment by transferring goods for that purpose over which she had the absolute power of disposition against all the world, such transfer will *Page 625 
not be set aside although no judgment at law could have been recovered against her for the price. The title of the defendants can be sustained under the power given by the husband to the wife to dispose of the goods, which was exercised by her in their favor, before any pretended revocation by the husband. That power was ample to make an assignment for the benefit of creditors. It was to dispose of the property the same as if sole and unmarried.
The judgment below should be reversed and judgment entered dismissing the plaintiff's complaints. As this is a contest between creditors, where equality is equity, this should be done without costs to either party.
All the judges concurring,
Judgment accordingly. *Page 626