AARON ARNOLD *et al.*, Appellants, *against* IRA A. ALLEN, Respondent.

(Decided April 5th, 1880.)

In an action against a husband for necessaries supplied to his wife, the jury were instructed that "the plaintiff must prove, in order to recover, that the goods sold and delivered were necessary and suitable to the condition in life of the defendant's wife; that she was not otherwise provided for by her husband." *Held*, that this instruction was applicable whether the husband and wife were living together or separately, and therefore covered all the questions of law on that branch of the case.

To render a husband liable for necessaries furnished to his wife, it is not essential that he should have refused to supply them; his neglect to do so will make him equally liable.

A wife, who had been living with her husband at a hotel, went, with his consent, to live at a house owned by him, under an agreement that she should live there with an allowance from him of a stated amount, until they could make arrangements, which they were then negotiating, for a separation. The husband remained at the hotel, but frequently visited the wife, and continued matrimonial cohabitation with her. *Held*, that there was no separation in the legal sense, such as would affect the liability of the husband for necessaries supplied to the wife.

The custom of a tradesman to enter in his books the names of married

Arnold *v.* Allen.

women who deal with him, although the credit is given to their husbands, may be proved in explanation of such entries when produced in evidence in an action against a husband, for goods charged to his wife in the plaintiff's books. The question to whom the credit was given is one of intent, and is the controlling issue.

Where the defense in an action against a husband for necessaries purchased by his wife is, .that the wife was, at the time of the purchase, living separate from him, evidence tending to show cruelty and ill treatment of the wife by the husband, as the cause of the alleged separation, and the time of such cruel treatment, is *not objectionable merely on the ground of immateriality.*

APPEAL from an order of the general term of the marine court of the city of New York, reversing a judgment of that court, and granting a new trial.

The action was brought to recover the price of goods sold and delivered by the plaintiffs to the defendant's wife, alleged to be necessaries for her use. The facts are stated in the opinion. Upon the trial the jury found for the plaintiffs, and judgment for the plaintiffs was entered on the verdict. From the judgment the defendant appealed to the general term of the marine court, which reversed the judgment, and ordered a new trial, with costs to abide the event, for errors of law committed upon the trial. From this order of the general term the plaintiffs appealed to this court.

*Walter S. Cowles*, for appellants.

*S. V. R. Cooper*, for respondent.

J. F. DALY, J.—I cannot find error in the judge's charge or the rulings on the trial. He was requested to charge :

" *Eighth.* The plaintiff must prove, in order to recover in this action, that the goods sold and delivered were necessary and suitable to the condition in life of the defendant's wife ; that she was not otherwise provided for by her husband." This covered all the questions of law on that branch of the case, and was applicable where husband and wife lived together and where they had separated. Charging this proposition rendered it unnecessary to charge the 5th, 6th and 7th requests, for it covered all that was proper in those propositions. The defendant was

not, in fact, entitled to the 5th: "That to entitle the plaintiff to recover in this action they must show that the defendant refused to supply his wife with necessaries," nor to the 6th: " That the husband is liable for necessaries furnished his wife by tradesmen only when he refuses to furnish them himself." It is not essential that a husband should *refuse* to supply necessaries; his neglect to do so will make him equally liable. The 8th request laid down the proper rule, and the judge properly selected that to charge in preference to the others. The 7th request is a mere re-statement of the principle enunciated in the 8th, and the judge was not bound to ring all the changes on the theme which counsel seem to have desired. The 7th proposition was: "The husband is not liable for necessaries furnished his wife, when he supplies them or furnishes money to buy them." This was covered by charge 8th: "That the plaintiff must prove, in order to recover in this action, that the goods sold and delivered were necessary and suitable to the condition in life of the defendant's wife; that she was not otherwise provided for by her husband."

. · The defendant's 11th and 12th requests were based upon the assumption that there was evidence that the husband and wife had separated and agreed to a separation. Unless there was a question of fact for the jury as to a separation, or unless the evidence showed such an agreement, those requests were not proper.

The judge charged the jury as matter of law that there was no separation, and the evidence sustains his view. Mrs. Allen went (with her husband's consent) to live at his house, No. 313 West 50th street, and he allowed her $15 per week; but he visited her there as often as once a week, by his own admission. She swears he visited her every day and sometimes twice or three times a day. Her testimony shows a cohabitation, which he did not deny. She went there to live between August 1st and 10th, and a child was born the ensuing May. He swears expressly that "she left the hotel on an arrangement that she should go to the house in fiftieth street, and live there until we could make arrangements which

we were then negotiating for a separation. . . . On a final separation being effected I was to give her the house, subject to a mortgage." Upon this evidence it was plain that there was no separation in the legal sense. She lived in his house, and he boarded at a hotel. He visited her frequently, enjoyed his rights as husband, and cohabited with her. Cohabitation is evidence of the husband's assent to contracts made by his wife for necessaries (*McCutchen* v. *McGahay*, 11 Johns. 281).

The exceptions to the rulings of the court as to evidence were not well taken. The plaintiffs were properly allowed to explain why the goods were charged on the books to the wife and not to the husband. The question as to whom credit is given by a tradesman is one of intent, and he may explain entries in his books, as well as his receipts, and similar writings, which *prima facie* contradict his assertions on the subject. The custom of the plaintiffs to enter in their ledger the names of the ladies who deal with them, but to send the bills to the husbands, was the explanation offered and properly received. The objection that such custom must be *universal* was not tenable: plaintiffs were not attempting to prove a usage of a particular trade but only to explain why Mrs. Allen's name instead of Mr. Allen's appeared on their books.

The defendant's counsel, on his cross-examination of the wife, read to her from the return to a commission (under which her evidence had been taken while she resided in another state) an answer she had made to one of the interrogatories, and asked her " Did you testify to that ?" Plaintiff objected, and the court sustained the objection. The objection was good. The return to the commission showed what evidence she had there given, and unless defendant based some question material to the issue upon such evidence, it was improper to read her answers over and ask her if she had given them. Counsel for defendant had just previously asked a similar question, and had not followed it up by any other query. It was not too much of an assumption to suppose that he intended to prove her evidence under the commission in that way, which he had no right to do. The court did not rule out the interrogatories

Arnold *v.* Allen.

and answers in the return. If defendant wished to use them to impeach plaintiff, the proper course was to read them to the jury.

The defendant was asked, on cross-examination, on what grounds his wife obtained her divorce from him. This was objected to as *immaterial*, but not as *incompetent*. Testimony had been given on both sides as to alleged cruel treatment, and defendant on his direct examination had testified that there had been no cruelty. He also volunteered on the cross-examination evidence about a negotiation between him and his wife for a divorce, and stated that it was ultimately obtained "under the laws of that state." It was within the scope of cross-examination to inquire whether it was a divorce for cruel treatment. The defendant answered that it was. The record would have been the best evidence on the point, but the objection to the query was not put on that ground.

These observations apply even more directly to the objection taken to a subsequent question : "When was the subject first brought up to get a divorce on the ground of violence on your part towards her ?" for this would have helped to confirm the testimony of one or the other as to the date of the alleged cruel treatment.

The court refused to charge defendant's request : "That if the goods were sold and delivered to the wife of defendant and charged to her on the books of the plaintiffs, the plaintiffs cannot recover." The request omitted an essential part—the question as to whom the credit was given—and was therefore bad. In a literal sense the goods were sold and delivered and charged to Mrs. Allen, and such a proposition as defendant desired to be laid before the jury might work considerable mischief if not qualified by a reference to the controlling issue—to whom was the credit given, the husband or wife. The counsel should have so qualified his request. The court was not bound to.

The order of the general term of the marine court, granting a new trial, should be reversed, and the judgment of the special term in plaintiffs' favor should be affirmed, with costs.

CHARLES P. DALY, Ch. J., concurred.

Order reversed, and judgment of trial term of marine court affirmed, with costs.