AUGUSTA WICKSTROM, Respondent, v. SAMUEL W. PECK, Appellant.

First Department, November 9, 1917.

Husband and wife — liability of husband for necessaries furnished wife — action at law — defense — sale to wife exclusively upon her credit — basis of liability of husband for necessaries furnished wife.

Where in an action at law brought by a tradeswoman against a married man for alleged necessaries furnished to his wife during coverture, the defendant alleges that the merchandise was sold to his wife exclusively upon her credit, and also that he had furnished her with an allowance sufficient to pay for all necessaries, it is reversible error for the court to instruct the jury in effect that it made no difference to whom credit was furnished, if the goods were necessaries.

A finding that the defendant failed to establish that he had furnished his wife with an allowance sufficient to pay for all necessaries, held to be against the weight of the evidence.

The husband is not liable in such an action where it is established that the credit was extended solely to the wife.

The theory of permitting a tradesman to allege that the contract was the husband's and the sale made to the husband is the implied agency of the wife growing out of the marital relation which imposes upon the husband the legal duty to furnish his wife with necessaries.

A tradesman who supplies goods to a wife exclusively upon her credit, deals with her as a principal and not as an agent.

APPEAL by the defendant, Samuel W. Peck, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of New York on the 22d day of December, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

*Sol. Kohn,* for the appellant.

*Arthur F. Gotthold,* for the respondent.

SHEARN, J.:

This is an action at law brought by a tradeswoman against a married man for alleged necessaries furnished to the wife during coverture. The defense was in part, (1) that the merchandise was sold to the defendant's wife exclusively upon her credit; and (2) that the defendant had furnished his wife with an allowance sufficient to pay for all necessaries.

The defendant contends that the court in effect charged the jury that the defendant was liable, if the articles sold were necessaries, irrespective of whether they were sold exclusively on the credit of the wife and that this was manifest error. Let us see first whether the court did lay down such a rule. The court said: " Whether or not the credit was given exclusively to the wife is not to be determined as a question of law, but is to be submitted as a question of fact to the jury here. I so charge you." Obviously, that laid down no rule for the guidance of the jury, for no instruction was contained in that statement, or given in connection with it, as to the effect of the jury's finding that credit was given exclusively to the wife. This was followed by the direct charge: " If they were necessaries, within the legal acceptation of that term, then the husband was liable to whomsoever furnished such necessaries to the wife, no matter to whom the credit was originally extended." No other instruction on the question of credit was given until the defendant's counsel pressed upon the court requests to charge. The court was asked to charge: " That the burden of proof is upon the plaintiff to prove that she gave credit to the defendant for the goods in question." This was refused. The defendant excepted. This request, it will be observed, had to do with the burden of proof and conveyed no further instruction to

.the jury as to the effect of any finding it might make on the question of extension of credit. The defendant's counsel then requested the court to charge: " That if the plaintiff gave credit for the goods to the defendant's former wife, Josephine, that then plaintiff's recourse is against her alone." The court refused so to charge and said: " The Appellate Division has passed upon that, and has held that it does not make any difference; if the goods were necessaries." Assuming that the request was too broad in that it failed to take into consideration that credit might have been extended to both husband and wife because of counsel's failure to use the word " solely " or " exclusively," there can be no fair question but that from the foregoing the jury was given to understand very distinctly that if the goods were necessaries the defendant was liable irrespective of the person to whom credit was extended. The court refused to charge defendant's eighth request: " Where credit is given solely to the wife upon a sale to her, the husband is not liable although they live together, and he sees her in possession of the goods thus bought." This squarely raised the defendant's point, and as the jury was instructed in the last words they heard upon the subject that it made no difference to whom credit was furnished, if the goods were necessaries, the defendant is in a position to urge the alleged error in the court's charge.

This brings us to the second and real question in the case, whether in an action at law a married man can be held liable to a tradesman for necessaries furnished the wife irrespective of whether credit was extended to her exclusively or not. There can be no doubt, as it seems to me, that such question must be answered in the negative, both upon reason and upon an unbroken line of authorities. The theory of permitting the tradesman to allege that the contract was the husband's and the sale made to the husband is the implied agency of the wife growing out of the marital relation, which relation imposes upon the husband the legal duty to furnish his wife with necessaries. This squarely appears to be the law as laid down in the leading case of *Wanamaker* v. *Weaver* (176 N. Y. 75), quoting with approval the leading English case of *Debenham* v. *Mellon* (L. R. 5 Q. B. Div. 394). (See, also, Schouler Dom. Rel. [5th ed.] § 61: " On the important principle

of the wife's agency rests the liability of the husband, at common law, in contracts made by the wife for necessaries.") Now, then, it must be perfectly clear that a tradesman who supplies goods to a wife exclusively upon her credit deals with her as a principal and not as an agent. In the latter case the contract is with the husband; in the former it is with the wife, who has the same right to contract with third persons on her own individual responsibility as has an unmarried woman. No one would seriously claim, if a person interested in the welfare of the wife of another bought necessaries of life for her that the tradesman could hold the husband in an action at law. Whoever deals as a principal is liable as such, and where one contracts as principal no question can arise as to the liability of another on the theory of agency.

The authorities are all to this effect. In *Griffin* v. *Banks* (37 N. Y. 621, 623) the Court of Appeals said: " The rule is, that, where credit is given solely to the wife, upon a sale to her, the husband is not liable although they live together and he sees her in possession of the goods thus bought." No cases to the contrary are cited. As far back as 1811 it was so held by Lord ELLENBOROUGH in *Metcalfe* v. *Shaw* (3 Camp. 22). So in *Bentley* v. *Griffin* (5 Taunt. 356): " It is a question of fact whether a tradesman who furnishes goods to a wife gives credit to her or her husband; if the credit is given to her, the husband is not liable, though the wife lives with him, and he sees her in possession of some of the goods." (Syllabus.)

Coming down to our own times: In *Kenny* v. *Meislahn* (69 App. Div. 572, Second Department) the court in concluding an opinion affirming a judgment against the husband, after reviewing the evidence, said: " It fairly establishes the fact that the support was not furnished upon the credit of the wife, but was solely because of the defendant's default and was supplied under circumstances which made him chargeable." The inference would seem clear that if the support was furnished upon the wife's credit exclusively the husband would not be chargeable. Upon the first appeal in this case (155 App. Div. 523) Mr. Justice McLAUGHLIN said: " If evidence be introduced showing that they were necessaries, then defendant is liable to pay for them (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460), unless he can show that the wife was supplied with

articles of the same character as those purchased, or that he had given her sufficient money to pay cash for them, or notice if the purchases were made they were on her credit and not his." Here is clearly recognized a case where the articles being necessaries, if the sales were made on the wife's credit the husband is not liable. True the statement of the suppositious case included a notice by the husband. But if a husband can escape liability by giving the notice it is only because the reception of the notice by the tradesman and his supplying goods thereafter destroys any possible claim of implied agency. This is only another way of saying that if the credit is given exclusively to the wife, as it must be in a case where a notice has been served, the tradesman cannot hold the husband in an action at law.

On the second appeal in this case (163 App. Div. 608) the court was dealing with a dismissal of the complaint upon the ground that it appeared that the plaintiff had given credit exclusively to the wife. The court said: " We do not think that upon this evidence the court should have held, as matter of law, that the credit was given exclusively to the wife. Whether it was or not was a question of fact which should have been submitted to the jury." This was of course, a clear recognition of the rule that where the credit is given exclusively to the wife the husband is not liable at law. If this were not so, there would be no sense in submitting to the jury the question of credit. If the rule were that the husband is liable in an action at law on the mere showing that the articles were necessaries, the question of credit could not possibly arise. The Second Department took the same view in *Wilder* v. *Brokaw* (141 App. Div. 811), the present presiding justice saying: " This case presents an account for the lodging and the food for two women, for substantially the same period, which must be justified on the theory that the husband of one of them perforce of that relationship was bound under the circumstances to furnish as a necessary to his wife this maintenance of her sister, and that his wife as his agent *ex necessitate* could contract therefor. * * * I think that the learned court should have submitted the question as to whom credit was given to the jury. * * * The theory of the action is that Mrs. Brokaw was constituted

by law the agent of her husband, for the plaintiff alleges that the liability was incurred at the husband's instance and request. (See *Wanamaker* v. *Weaver*, 176 N. Y. 75.) But the question then before the court was not whether the wife should be held personally, but whether the merchant intended to extend credit to her personally or whether he in effect made the contract with her as the agent of her husband. (*Arnold* v. *Allen*, 9 Daly, 198.) * * * However strong or weak, here are facts which are relative to the question to whom credit was extended. (*Debenham* v. *Mellon*, L. R. 6 App. Cas. 33, 34; * * *.) Wherefore, I think that the learned court erred in refusing the submission of this question to the jury." Schouler, an authority on domestic relations, says in his text book (5th ed. § 64): " The presumption of an agency on her husband's behalf * * * may be overcome by the fact of a purchase by the wife upon her own or some third person's credit, wherever she is really trusted as principal herself, or as the agent of some one else than her spouse; or where the third party ordered them in person." As recently as *Werner* v. *Werner*, No. 3 (169 App. Div. 9, 17) this court, Clarke, J., writing, referred with approval to the English cases, holding that " The question of her agency is one of fact, and is not a conclusion of law to be drawn alone from the marital relation." There can be no doubt, therefore, that both in reason and authority the husband is not liable in an action at law where it is established that the credit was extended solely to the wife.

The trial judge fell into his error by attaching undue weight to one sentence in the opinion of this court upon the last appeal instead of being guided by the opinion as a whole and by the point actually decided. In the course of the opinion upon the last appeal, referring to *De Brauwere* v. *De Brauwere* (203 N. Y. 460), which was an action in equity brought by a deserted wife against her husband to recover for moneys she had been obliged to expend for necessaries for herself and children, the court said, dealing with the question of necessaries: " If so they were necessaries within the legal acceptation of that term, and the husband was liable to whomsoever furnished them to the wife, no matter to whom the credit was originally extended." Since the

*De Brauwere* case it has been the settled law that in equity recovery can be had of the husband in certain cases irrespective of the question of credit as, for example, in a suit by the wife, where it has been shown that the wife was obliged to furnish the necessaries out of her personal estate, or where she went to a third person who advanced her money with which to procure the necessaries. But such a holding is wide of the right of the tradesman, in an action at law based on contract, to hold the husband where the contract was with another as principal. The ruling of the trial court ran directly counter to the decision of this court upon the last appeal that the question of credit was for the jury. On the law, therefore, the judgment must be reversed.

We are also of the opinion that the verdict, in so far as it is based upon a finding that the defendant had failed to establish that he had furnished his wife with an allowance sufficient to pay for all necessaries, was against the weight of the evidence.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH and DAVIS, JJ., concurred; SCOTT, J., concurred on second ground.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.