H. H. HORNFECK & SON, INC., Respondent, *v.* GEORGE N. GREGORY, Appellant.

Supreme Court, Appellate Term, First Department, February 5, 1926.

**Husband and wife — action for purchase price of coat sold defendant's wife — wife purchased coat and directed it be charged to her personal account — husband not liable where evidence shows sale was on plaintiff's personal account.**

Defendant, to whose wife plaintiff sold and delivered a cloth coat at her special instance and request, is not liable for the purchase price thereof, where it appears that she directed that the garment be charged to her personal account which she had previously opened with plaintiff and there was nothing to show that defendant ever had an account with plaintiff or had paid bills incurred by his wife.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of plaintiff and against the defendant.

*Whitman, Ottinger, Ransom, Coulson & Goetz [Colley E. Williams* of counsel], for the appellant.

*George P. Orr,* for the respondent.

DELEHANTY, J. The action is for goods sold and delivered to defendant on November 15, 1924. The answer is a general denial. Plaintiff's bill of particulars alleges: " That on or about the 15th day of November, 1924, the plaintiff, at the special instance and request of Mrs. George N. Gregory, wife of the defendant, made, sold and delivered to Mrs. Gregory a cloth coat." This case was tried before the court without a jury. The facts are practically conceded to the effect that the garment in question was sold and delivered to the wife of defendant at her request and was charged to her account as directed; that the bill therefor was forwarded to her at her home address; that at the time in question defendant was living separate and apart from his wife; that defendant had never had an account with plaintiff and had never paid plaintiff for a bill incurred by his wife. Long after the coat was delivered to Mrs. Gregory she requested plaintiff to send a bill therefor to her husband, which was done on the 28th of January, 1925. It appeared further that prior to the transaction in suit Mrs. Gregory had opened a personal charge account with plaintiff and had paid with her individual check for charges made by her in connection therewith; that during all this time she was the owner of certain real estate, has a bank account and some funds in the possession

of her stock exchange broker. At the close of plaintiff's case the defendant rested and moved to dismiss for failure to prove the cause of action pleaded. The motion was denied and judgment directed for plaintiff.

On the exception noted to the ruling it is difficult to escape the conclusion that the learned court below committed reversible error. The proof conclusively shows that the coat in question was sold to the wife on her own personal credit. Under well-settled authorities the husband is not liable in an action at law therefor. (*Griffin v. Banks,* 37 N. Y. 621–625; *Wickstrom v. Peck,* 179 App. Div. 855; *Bendel, Inc., v. Edeson,* 125 Misc. 433.) The wife had the right the same as any other woman to contract upon her individual responsibility even for necessaries, and in that event the husband would not be liable therefor. (*Wickstrom v. Peck, supra.*)

As the facts cannot be changed on a new trial the judgment should be reversed and the complaint dismissed upon the merits, with costs in this court and in the court below.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

Wagner, J., concurs; Bijur, J., dissents.