In the Matter of the Judicial Settlement of the Account of BRIDGET BARRETT and Another, as Executors, etc., of MARY HOLLAND BOLAND BUBB, Late of the City of Mechanicville, N. Y., Deceased.

Surrogate's Court, Saratoga County, May 8, 1928.

**Executors and administrators — claim against estate — proof shows claimant had contractual relations with decedent for care of her house, in which she and her husband resided — claim allowed.**

This is a claim for services as a domestic in decedent's employ in premises in which decedent and her husband resided, but of which decedent was the owner. Since the proof shows that claimant had contractual relations with decedent for the benefit and improvement of the separate estate possessed by decedent, the claim must be allowed, in the absence of anything to show that the charge is unreasonable.

PROCEEDING for accounting of executors involving validity of claim against the estate.

*Robert W. Fisher*, for the claimant, Harriet Barber.

*Charles H. Signor*, for the executors, Bridget Barrett and John Holland.

*Robert Frazier*, as special guardian for the infants Alice R. Holland, Veronica Holland and Anna Holland.

TUCK, S.    One Harriet Barber presented to the executors a claim against the decedent's estate for 400 hours as a domestic, cleaning, washing, scrubbing, etc., at $3 per day, $150. The executors rejected the claim and the validity thereof is to be determined in this proceeding.

The testatrix was the owner of real estate in which she and her husband resided, and which she devised to certain nieces, subject to a limited use by the surviving husband.

Claimant's counsel has endeavored to establish that the services of claimant were contracted for by the testatrix for the care of her real estate and at the request of testatrix and was for the benefit and improvement of the separate estate so possessed by the testatrix.

The various statutes. which have been from time to time passed by the Legislature have removed many of the restraints which, by common law, were placed upon a married woman in relation to her property and her contracts.

The statutes, however, have not, and do not relieve the husband of responsibilities to which he was subject at common law and to which he is still subject in respect to support.

It is established by the testimony of the claimant that for similar services theretofore rendered she had been paid by a check of Adam Bubb, husband of the testatrix, which was delivered to her by the testatrix.

The services rendered by the claimant were such that ordinarily the husband would be liable for their payment. The wife, however, may, by special agreement, make herself responsible for necessaries and the court has held in *Matter of Totten* (137 App. Div. 273) that " Such an agreement, however, need not be shown by direct evidence, but may be found upon evidence of surrounding circumstances, including acts after the service, indicating an acknowledgment of liability for the service."

It is established by proof that the claimant had no contractual relations with Adam Bubb, the husband of the testatrix, but solely with the testatrix. And proof is also made that upon two separate occasions, and in the presence of a different person upon each occasion, the decedent acknowledged her liability for claimant's services.

Proof was offered, without objection, by Adam Bubb, husband of the testatrix, that he turned over his pay envelope to her and that she made such use of the money he turned over to her as she chose.

The reasonableness of the charge is properly established. The claim of Harriet Barber is allowed against the estate of the decedent at the sum of $150.

Decreed accordingly.