In the Matter of the Estate of LENA S. OPPENHEIM, Deceased.

Surrogate's Court, New York County, July 6, 1942.

*Emanuel M. Kaiser*, for Dr. William B. Kountz, petitioner.

*Seymour R. Oppenheim*, executor, in person, respondent.

FOLEY, S. In this proceeding under section 217 of the Surrogate's Court Act, a physician seeks to compel the executor to pay his claim in the sum of one hundred dollars for medical services rendered to the decedent at her request. The rendition of the services and the reasonable value thereof are not disputed by the executor. He has rejected the claim, and he resists the present application, on the sole ground that the claim is a direct obligation of Harry Oppenheim, the husband of the decedent, and that neither the decedent nor her estate is any way liable on the contract.

It is conceded that the decedent left her husband and the marital abode on February 10, 1939, and that they never lived together thereafter. A separation action was commenced by the decedent against her husband. In proceedings before a referee for temporary alimony, the sum of forty-two dollars per week was fixed by the

referee for the support of the wife. That sum was paid by the husband and accepted by the decedent from June 28, 1939 to the time of her death in January, 1941.

The medical services rendered by petitioner were performed in the year 1941, after the separation of the parties, at the request of the decedent and not at the request of her husband. No agreement was ever made by decedent and the petitioner that he was to look solely to the husband for payment for his services or that the husband's credit was pledged in payment. The petitioner treated the decedent at her request and seeks payment from her alone. Under such circumstances the petitioner's right to compel payment of his claim from the decedent's estate is clearly established. The rule is firmly fixed by an unbroken line of authorities that where credit is in fact given to the wife, as it was here, she and not the husband is liable for even necessaries sold to her. (*Griffin* v. *Banks*, 37 N. Y. 621, 623; *Ryon* v. *John Wanamaker, New York, Inc.*, 116 Misc. 91, 96; affd., 202 App. Div. 848; affd., 235 N. Y. 545; *Wickstrom* v. *Peck*, 179 App. Div. 855; *Wilder* v. *Brokaw*, 141 id. 811; *Matter of Totten*, 137 id. 273; *Matter of Bubb*, 132 Misc. 61; 1 Williston on Contracts [Rev. ed.], p. 781.) In *Wickstrom* v. *Peck* (*supra*), Judge SHEARN after a comprehensive review of the authorities, said: " Whoever deals as a principal is liable as such, and where one contracts as principal no question can arise as to the liability of another on the theory of agency. The authorities are all to this effect. In *Griffin* v. *Banks* (37 N. Y. 621, 623) the Court of Appeals said: ' The rule is, that, where credit is given solely to the wife, upon a sale to her, the husband is not liable although they live together and he sees her in possession of the goods thus bought.' No cases to the contrary are cited." Professor WILLISTON states the rule that " if credit is in fact given to the wife, no one else will be liable even though the circumstances were such that she might have pledged her husbans's credit." (1 Williston on Contracts [Rev. ed.], p. 781.)

In the pending proceeding, the executor was the only party upon whom citation was served. The husband did not appear in the proceeding, nor was he interpleaded as a party. Notwithstanding this fact, the executor, who has appeared *in personam*, seeks a determination as to the respective liabilities of the estate and the husband of decedent, and an order directing the responsible party to pay this and other claims. The court is without power to adjust in this proceeding the respective rights and liabilities of the persons interested in the estate. Any rights that the estate may have against the husband may be properly determined in an accounting proceeding as a possible set-off against his share of the estate.

All that need be determined here is that one who has extended credit to the decedent alone is entitled to be paid from her estate. He cannot be compelled to resort to other forums and to litigate his cause with other persons with whom he claims to have no contractual relations.

The authorities cited by the respondent executor have no application to the facts here disclosed. In actions brought against the husband liability may be imposed under other theories of law. First, it may appear that the wife was in fact the agent of the husband and that credit was extended to the husband and not to the wife. (*Wanamaker* v. *Weaver*, 176 N. Y. 75; *Frank* v. *Carter*, 219 id. 35; *Keller* v. *Phillips*, 39 id. 351, 354; *Wickstrom* v. *Peck*, 163 App. Div. 608; *Baumann & Co.* v. *Burman*, 155 Misc. 314. Restatement, Law of Agency, § 22.) Secondly, the wife may, by implication of law, become an agent to purchase necessaries and to pledge his credit therefor, where the husband has failed in his duty to supply her such necessaries. (*Wanamaker* v. *Weaver*, *supra;* *Hatch* v. *Leonard*, 165 N. Y. 435, 438; *Keller* v. *Phillips*, *supra*; *Altman & Co.* v. *Durland*, 185 App. Div. 114; 1 Williston on Contracts [Rev. ed.], p. 778.) Similarly, one who has supplied necessaries or advanced funds to the wife when the husband has neglected his duty to support her, may maintain an action against the husband to recover therefor, or a wife who has made such expenditures from her own funds may compel reimbursement. (*De Brauwere* v. *De Brauwere* 203 N. Y. 460; *Manufacturers Trust Co.* v. *Gray*, 278 id. 380.) None of these principles, however, has any application to the facts in the pending proceeding to compel payment of the claim.

Submit decree on notice directing the executor to pay to the petitioner the amount of his claim.