In the Matter of the Estate of MARGARET R. NOLAN, Deceased.— Margaret R. Nolan, the deceased, and her husband, John Nolan, resided together in the village of South Glens Falls. The deceased died on July 8, 1933. The husband employed the claimant, a corporation engaged in undertaking and funeral directing, to take charge of the burial of the deceased wife. Claimant did so and incurred an expense of $619, which is not disputed. The wife left a will in which the husband was named as executor. A verified statement of the account of claimant was presented to the husband. Before any disposition of the claim was made and on September 22, 1933, the husband died and letters of administration on his estate were subsequently issued. Claimant filed its claim with the attorney for the husband's estate, but such claim was not paid. The will of the deceased wife was admitted to probate on March 5, 1934, and letters of administration with the will annexed were issued. Claimant filed a verified claim with the administrator with the will annexed but that official declined to pay. The petition for the probate of the wife's will shows that she left substantial real and personal property. Claimant, asserting that it is a creditor of the wife's estate for funeral expenses, filed a petition with the Surrogate's Court showing nonpayment of its claim, asking that the administrator be directed to render and file an account of his proceedings and that a citation be issued directing the administrator to show cause why the real property of the deceased should not be sold to satisfy the claim. On the return of the citation the administrator filed an answer denying that the petitioner was a creditor of the estate and asserting that the services rendered and the materials mentioned in the claim

were rendered and furnished to the deceased husband. At the conclusion of the proof the surrogate decreed that claimant is not a creditor of the deceased and that the claim in question is primarily a charge against the husband's estate. Claimant is a creditor of the wife's estate. The decree of the Surrogate's Court is reversed on the law, with costs to the appellant payable out of the estate, and the claim of appellant in the sum of $619, with interest from August 8, 1933, is allowed, and the matter is remitted to the Surrogate's Court to take such further proceedings in reference to an accounting and a sale of the real property of the decedent as may be necessary and proper. Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; McNamee, J., dissents and votes to affirm.