In the Matter of the Estate of HANNAH FRANCES HATLEE, Deceased.

Surrogate's Court, Saratoga County, September 13, 1939.

*Robert Frazier*, for the administrator *c. t. a.*

*Lucien E. Clickner*, for the claimant, Sarah E. Sandholt.

*Stanley H. Van Rensselaer*, for George Tordoff.

TUCK, S. In the judicial settlement proceeding in the above-entitled estate proof was offered in support of the claim of Sarah E. Sandholt for services alleged to have been rendered for the benefit of the decedent in the sum of $312.85, which claim has been rejected.

The claimant failed to prove an express contract with the decedent and relies upon testimony adduced in support of the claim on a *quantum meruit* basis.

It appears that the services were rendered during the lifetime of the husband of the deceased and the representative of the estate relies upon the liability of a husband for necessaries of a wife as a defense to the claim. No proof was submitted on behalf of the estate.

Claimant's attorney seeks to recover in equity and only in equity can a recovery be had under the facts adduced in this proceeding. The proofs show that the decedent was ill and unable to perform any household services or services for herself, and that services in the household and personal and nursing services for the decedent were rendered by the claimant. The reasonable value of such services is established at the sum of $312.85, for which sum an award should be made to the claimant if the facts shown by the proofs establish a right to recover.

There is ample authority for the proposition that the Surrogate's Court takes judicial notice of its own proceedings. Upon the same day that the hearing was had in the pending estate a decree was entered in the judicial settlement of the estate of David Hatlee,

husband of the deceased, wherein it appears that there was no surplus for distribution after payment of funeral expenses and expenses of administration. The account of proceedings in the estate of Hannah Frances Hatlee shows there is a surplus to be distributed to her distributees.

The husband is under an obligation to provide his wife and children with the necessaries of life suitable to their condition and his obligation is measured with reference to his pecuniary ability. The husband's pecuniary ability, therefore, is an element to be considered. Here we find the husband's estate insolvent. There is no fund by which the primary liability can be met.

Claimant's counsel had cited to the court's attention *Matter of Burt* (160 Misc. 218), which was decided by Surrogate SLATER of Westchester county. In that matter a claim was made that the husband was not liable for the expenses of the last illness of a wife, who had a separate estate. The executors of the deceased wife paid such expenses out of her estate and the surrogate held that the wife's estate was liable for this obligation. An element in that case was testimony concerning an agreement between the husband and the wife in respect to payment of certain medical services and other charges by the wife.

The Appellate Division, Second Department (254 App. Div. 584), however, modified the decree of the surrogate, holding that the decedent's husband was liable for medical, hospital and incidental services incurred during the wife's last illness so far as commensurate with his means and was under an obligation to pay them.

The court further held the proof offered to support the agreement between the husband and wife in respect to payment for certain medical services was incompetent and improper.

In *Matter of Nolan* (244 App. Div. 873) the Appellate Division in the Third Department has held that where a husband employed an undertaker to take charge of the burial of his deceased wife and an expense of $619 was incurred therefor, and where the wife left a will in which the husband was named as executor, and where the husband failed to take any proceedings for the probate of the will, and letters of administration were issued, from which it appears that the wife left substantial real and personal property, the wife's estate is liable for such claim for funeral expenses, and reversed the decree of the Surrogate's Court, which held to the contrary.

We, therefore, reach the conclusion in this proceeding that the wife's estate is liable for this claim and a decree in conformity with this finding may be submitted upon notice.