HENRY A. GOUGE, Appellant, *v.* MARGARET K. B. GOUGE, Respondent.

*Agreement by a wife to pay her husband one-half of the profits on a purchase and sale of real estate — proof required and consideration necessary to sustain it.*

An oral agreement made by a wife with her husband to the effect that she will purchase certain real estate, and whenever it is sold will pay him one-half the proceeds, after deducting the purchase price, cannot be enforced unless its terms and conditions are clearly proven and it is shown to have been based upon a good and valuable consideration — a meritorious consideration is not sufficient.

Where, in an action brought upon the alleged agreement by the husband after a resale of real estate purchased by the wife, it appears that the property was bid in by him in the name of the wife and was paid for with money borrowed by her and by a purchase-money mortgage, and there is no evidence of any definite arrangement before or at the sale (the agreement, if any was made, having been made after the sale), or of any consideration to support the alleged agreement as to the disposition of the proceeds, the complaint is properly dismissed.

APPEAL by the plaintiff, Henry A. Gouge, from a judgment of the Court of Common Pleas for the city and county of New York, entered in the office of the clerk of said court on the 31st day of December, 1895, upon the decision of the court rendered after a trial at an Equity Term of said court, dismissing the complaint upon the merits.

*Oscar Frisbee*, for the appellant.

*Lester W. Clark*, for the respondent.

McLAUGHLIN, J.:

This action was brought to recover one-half of the net proceeds realized from the sale of certain real estate. The plaintiff predicated his right to recover upon an oral agreement alleged to have been made between him and defendant which, in substance was, that she would purchase the real estate, and whenever she sold the same she would pay to him one-half of all she received after deducting the purchase price. The defendant denied making the agreement. The trial court, after hearing the evidence of both of the parties, dis-

missed the complaint, and in so doing we think no error was committed.

There is little dispute between the parties as to the facts. In 1873 the defendant, the widow of one Russell Bates, from whose estate she was then receiving, and has since received, an income, married this plaintiff, and as husband and wife in 1879 they went into possession, as tenants, of the real estate referred to in the complaint. Soon after their occupancy commenced proceedings were instituted to foreclose a mortgage then thereon, which were prosecuted to and resulted in a judgment directing a sale. The plaintiff attended the sale and bid in the property for the defendant. The memorandum of sale was signed by him for her, and she thereafter received a deed from the referee. The entire consideration was paid by her, a portion of it with money borrowed upon her note from her former husband's estate, and the balance by a purchase-money mortgage. The plaintiff did not pay one cent towards the consideration, and he assumed no obligations whatever in reference to or in any way connected with the purchase. It is, therefore, impossible for us to see upon what theory it could be supposed that the plaintiff had any right to a portion of the proceeds of the sale of this property, which could be enforced either at law or in equity.

It will be observed that the plaintiff does not claim that any arrangement was made between him and the defendant prior to or at the sale, and the trial court found that no such arrangement was made, which finding was entirely satisfactory to the plaintiff, since no exception appears to have been taken to it. The alleged agreement, then, if made at all, was made after the sale, and the record fails to disclose even a suggestion that there was any consideration to support it. Such a contract, if it could be enforced in any event, would have to be based upon a good and valuable consideration A meritorious consideration alone would not be sufficient. (*Matter of Wilbur* v. *Warren*, 104 N. Y. 192.) The alleged agreement, according to plaintiff's own testimony, is vague and unsatisfactory throughout. It is uncertain in every respect. It lacks every element necessary to enable the court to enforce a specific performance. To entitle one to a specific performance of an oral contract, partly performed, for the purchase and sale of land, or for an interest in the proceeds derived from a sale, it is absolutely essential, in every

case, that the contract not only should be clearly proved, but that its terms and conditions should be made reasonably certain. (*Dunckel* v. *Dunckel*, 141 N. Y. 427.) The plaintiff's own evidence, if we accord to it the most favorable consideration possible, utterly fails to establish a contract of this character. The judgment was right and should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.