(89 App. Div. 193.)

WATKINS et al. v. BROWN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

**1. Dead Bodies—Body of Wife—Burial—Husband's Liability.**
    A widower is liable for the reasonable value of the services of an undertaker in burying his deceased wife at the instance of a friend of the deceased, though they were living separate at the time of her death.

**2. Same—Evidence of Service.**
    The dead body of a woman was placed in charge of an undertaker by a friend of deceased, and subsequently plaintiffs, who were undertakers, were employed by one acting under a request of the deceased, and the undertaker who had the remains demanded a sum of money before he would surrender the remains to plaintiffs. *Held* that, in an action by

---

¶ 1. See Dead Bodies, vol. 15, Cent. Dig. § 6; Husband and Wife, vol. 26, Cent. Dig. §§ 136, 594.

plaintiffs against the husband of the deceased, they could not recover for the sum paid the other undertaker, in the absence of any evidence that any services were performed by the first undertaker, or as to the reasonable value of the same.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Edward Watkins and others against William M. Brown and another. From a judgment in favor of plaintiffs, defendants appeal. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Wilford H. Smith, for appellants.

Samuel F. Edmead, for respondents.

WILLARD BARTLETT, J. In this action the plaintiffs, a firm of undertakers, have recovered a judgment for $132 against the defendant for services rendered by them and materials furnished in burying his deceased wife, Annie Brown. At the time of her death Mrs. Brown was living separate and apart from her husband, and it is undisputed that he had nothing to do with the employment of the plaintiffs. They were employed by a friend of the deceased woman, named Edward Hayes, to whom she had handed a policy of insurance on her life, which was payable to her husband as beneficiary, at the same time requesting Mr. Hayes to see that she was buried. Pursuant to this request he saw the plaintiffs, and asked them to provide for the funeral and interment, which they did. It seems, however, that before he saw the plaintiffs in regard to the matter the body of Mrs. Brown had been sent by a lady friend to the establishment of another undertaker named Thomas, with instructions to prepare it for burial. There it was found by the plaintiffs, one of whom testified that he paid Thomas $20 before he removed the remains from the shop because Thomas would not let him take the body unless he did so. This witness testified that the reasonable value of the services rendered and materials furnished by his firm amounted to $115, and he added $20 to his bill on account of the $20 paid to the other undertaker in order to get possession of the remains. A surviving husband is under a legal obligation to bury the corpse of his wife, being allowed to reimburse himself from the separate estate of his deceased wife if she has left any such estate. Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384; McCue v. Garvey, 14 Hun, 562; Freeman v. Coit, 27 Hun, 447. If the husband fails to perform this duty, he is liable to an action to recover the reasonable value of its performance by any person who, on account of his absence or neglect, has properly incurred the expense of the necessary burial. This rule applies to the present case. It does not appear that the deceased wife left any property other than the policy of life insurance payable to her husband. The plaintiffs were solicited to attend to the interment by a friend of Mrs. Brown, who acted in the matter at her special request. They cannot be regarded, therefore, as having officiously intermeddled in the matter, as is suggested in behalf of the appellant. Under the facts as estab-

lished by the proof they are entitled to recover the reasonable value of their services. This amount, however, could not include the $20 which was exacted from them by the undertaker Thomas as a condition of giving up the body. Even if that charge represented any services claimed to have been performed by Thomas, there is no evidence that the reasonable value of his services amounted to that sum or any other.

The judgment should be modified by deducting $20 from the amount of the recovery, and, as thus modified, affirmed, without costs of this appeal to either party. All concur.