In the Matter of the Estate of WILLIAM WESTERBEKE, Deceased.

Surrogate's Court, Suffolk County, March 28, 1932.

*Frederick W. Tuck, Jr.*, for temporary administratrix.

*James J. McDermott*, for the executors.

PELLETREAU, S.  William Westerbeke died on the 22d day of March, 1931, leaving a last will and testament, dated the 18th day of April, 1925, and a codicil thereto, dated the 1st day of July, 1929.  By the terms of said will the entire estate, after payment of debts, funeral and other necessary expenses, was bequeathed to the four children of said decedent, Jennie May Rogers, Minnie Alice DeGraff, Josephine Louise Skinner and William Henry Westerbeke, in equal shares.  Minnie Alice DeGraff and William Henry Westerbeke were appointed executrix and executor under said will.

The codicil reaffirmed the will and also provided in part as follows:

"*First.* I direct my Executors to pay to my wife, Minnie Skinner Westerbeke, from the income of my estate the sum of Ten (10) Dollars each week during her life time.  This provision is made in lieu of any dower rights or interest she, the said Minnie Skinner Westerbeke may have in any portion of my estate."

The probate of the will was unsuccessfully contested by Nellie Frances Mantha, a daughter of the decedent, letters testamentary having been issued to William H. Westerbeke and Minnie Alice DeGraff on January 4, 1932.  Letters of temporary administration, however, were issued to Minnie S. Westerbeke, the widow of the decedent, on the 5th day of May, 1931.  Under court order dated the 15th day of June, 1931, said Minnie S. Westerbeke was granted an allowance of ten dollars weekly in accordance with the terms of the codicil to said will.

Said temporary administratrix has now filed her account as such, covering the period from the date of her appointment to and including the 4th day of February, 1932.

Schedule "A" consists of cash, household furniture and other property having a total value of $1,017, which are set off to the widow, pursuant to section 200 of the Surrogate's Court Act.  The executrix and executor individually and as such herein object to the items of cash and property referred to in Schedule "A" of said account as a setoff to the widow of said decedent.

I think that section 200 of the Surrogate's Court Act is an indi-

cation by the Legislature of a desire to relieve the immediate necessity of decedent's widow at the expense of his estate, likewise to prevent a testator from depriving his widow of any interest in his estate whatsoever.

It is a universal rule, however, that a testator may make a will in such a manner that a widow must elect whether to take the benefits given her under it or those given by statute. When it appears from the will that the provision therein made for the widow is intended to be in lieu of that made by law, she must elect between the will and the law, and cannot have the provision made by both.

Likewise, a testator in his will cannot dispose of the property which the law gives the widow without her consent, yet the legal principle that a widow may waive the provision made by law and take in lieu of it a provision made by the will of her husband is well settled. There are a mass of cases upon this subject. (*Matter of Benson*, 96 N. Y. 499; *Matter of Mersereau*, 38 Misc. 208; also *Matter of Rosenthal*, 141 id. 404.) It follows as a matter of law that the cash and other property listed in Schedule "A" of the account should be included as an asset of the estate rather than as a setoff to the widow.

Decree accordingly.