In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of HENRY R. BURT and JAMES S. WARREN, as Executors, etc., of CLARA S. BURT, Deceased, and the Judicial Settlement of the Intermediate Account of Proceedings of HENRY R. BURT and JAMES S. WARREN as Trustees under the Last Will and Testament of CLARA S. BURT, Deceased. JAMES S. WARREN, Individually and as Executor and Trustee, etc., of CLARA S. BURT, Deceased, Appellant; IRVING TRUST COMPANY, Executor, etc., of HENRY R. BURT, Deceased, Respondent.— Decree of the Surrogate's Court of Westchester county settling the accounts of executors and trustees modified by striking out the provision therein dismissing objections filed by appellant and, in lieu thereof, incorporating therein a provision surcharging the executor-respondent in the sum of $2,552.76, together with interest. As so modified, the decree, in so far as an appeal is taken, is unanimously affirmed, with costs, payable by the respondent personally, and the matter remitted to the Surrogate's Court to proceed accordingly. The decedent's husband was liable for the medical, hospital and incidental expenses incurred during the wife's last illness in so far as they were commensurate with his means, and was under an obligation to pay them. There is no contention that he was financially unable to pay them. The testimony of the surviving husband with respect to transactions between his deceased wife and himself whereby he was relieved of such obligation was incompetent under section 347 of the Civil Practice Act, and it was stipulated on the argument that the papers on submission, including the stipulation as to objections to evidence, were to be construed as meaning that appropriate objections were made and exceptions taken to adverse rulings. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ. [160 Misc. 218.]

In the Matter of the Application of PAUL C. KOEBER, Petitioner, for a Certiorari Order against STEPHEN A. BEDELL and Others, Constituting the Board of Appeals of the Town of Hempstead, PERCY G. SHERWOOD, Secretary of the Board, and JOHN C. YOUNG, Chief Building Inspector of the Town of Hempstead, Respondents, and THE FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Intervenor, Respondent.— In a proceeding under article 78 of the Civil Practice Act, brought to review a determination of the board of zoning appeals of the town of Hempstead, denying petitioner's application for a building permit to reconstruct or repair a building partially destroyed by fire, proceeding dismissed on the merits, with fifty dollars costs and disbursements. The provision of section 1209 of the Building Zone Ordinance, in effect providing that a non-conforming building which has been damaged by fire to the extent of more than seventy-five per cent of its value shall not be repaired or rebuilt except for a conforming use, is valid and constitutional. The determination that petitioner's building had been damaged to the extent specified in the ordinance was not against the weight of the evidence within section 1296, subdivision 7, of the Civil Practice Act. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.