In the Matter of the Accounting of ISRAEL KORETZKY as Ancillary Administrator of the Estate of NINA KORETZKY, Deceased, Petitioner.

Surrogate's Court, Westchester County, March 15, 1943.

*Abraham H. Goodman* for petitioner.

*William A. Gillcrist,* special guardian.

MILLARD, S. In this accounting proceeding objections have been filed by the special guardian to the allowance of a claim in the sum of $4,715.58, asserted by a husband against the estate of his deceased wife, of which he is ancillary administrator. This amount represents moneys advanced by him prior to the death of his wife to defray the expenses of her confinement in two mental institutions from October 1, 1940, through July, 1941. The special guardian has also objected to the expenditure from estate funds of sums in the aggregate of $2,263.14, in payment of the funeral expenses of the decedent, on the ground that the husband is also primarily liable for reasonable expenses of the funeral bills of the wife.

The decedent was adjudged incompetent in September, 1941, and her husband was appointed guardian of her person and property under the laws of New Jersey, where she then resided. She died a resident of New Jersey on October 7, 1941, and her husband was appointed administrator of her estate. By a decree of this court, dated April 16, 1942, ancillary letters of administration were issued. Decedent was survived by her husband and four children, one of whom is an infant. Only the special guardian appointed in behalf of an infant son of decedent has objected to the allowance of such claim or to the account.

The expenditures for hospital services, being necessaries, would not ordinarily be a proper charge against the estate of a deceased wife, and the husband would therefore be primarily liable therefor. (*Matter of Burt,* 254 App. Div. 584.) Here, however, testimony was given by a secretary of petitioner tending to establish an oral agreement by the wife, made prior to such advances by the husband, to the effect that she would reimburse the husband for any moneys advanced by him for such hospital expenses. The uncontradicted testimony of this witness, if

believed, would tend to establish that the wife sought to relieve the husband of his obligation to furnish such necessaries, and attempted to render her separate estate primarily liable for the payment thereof. An executory contract between husband and wife, in order to be enforcible, must be based upon a valuable consideration, a meritorious consideration being insufficient. (*Gouge* v. *Gouge,* 26 App. Div. 154.) Even a court of equity will not enforce a mere voluntary agreement not founded upon consideration even as between husband and wife, unless fully executed by both parties. (*Hendricks* v. *Isaacs,* 117 N. Y. 411.) The alleged agreement was accordingly ineffective to relieve the husband of his obligation to furnish such necessaries. This claim must therefore be disallowed unless the estate of the wife is primarily liable therefor independently of such agreement.

It is well settled that the husband is liable for necessaries furnished to the wife, including reasonable funeral expenses. (*Patterson* v. *Patterson,* 59 N. Y. 574.) A husband is entitled to reimbursement from his wife's separate estate for advances made by him for reasonable funeral expenses, the estate of the wife being primarily liable therefor. (*Matter of VanZandt,* 231 App. Div. 381. See also *Patterson* v. *Patterson, supra; Watkins* v. *Brown,* 89 App. Div. 193.) In determining the primary liability therefor a distinction is made between funeral expenses and those for other necessaries furnished the wife. (See *Freeman* v. *Coit,* 27 Hun, 447.) In *Matter of Stadtmuller* (110 App. Div. 76) the Appellate Division in this department held that the husband was entitled to reimbursement from her separate estate for advances made for the reasonable funeral expenses of his deceased wife, but disallowed the claim of the husband for the amount advanced for medical services. It is clear that the amount of $747 paid for a monument and the charge of fifty dollars for a memorial service are funeral expenses. (Surrogate's Court Act, § 314, subd. 3.) These items, together with the charge of $1,229.14 for undertaking services, are held to be reasonable inasmuch as the gross taxable estate totaled $75,657.25.

Accordingly, the payment of decedent's funeral expenses from the funds of the within estate was proper, and the objection thereto is overruled and dismissed. The court sustains the objection to the claim seeking reimbursement of the amount advanced by the husband of decedent for hospital bills, and such claim is therefore disallowed and dismissed.

Settle decree.