Maximilian Moss, S.
This is an application by testator’s widow for an order, pursuant to section 201 of the Surrogate’s Court Act, directing the executors and trustees to set off to her the $1,000 exemption provided by subdivision 4 of section 200 of the act. Paragraph “ Third” of the will herein reads as follows: c ‘ Third : The provisions herein contained for my wife, Minnie M. Driscoll, shall be in lieu of dower or of any other interest in my estate or in any property owned by me or in which I am interested at the time of my death and in bar of her right of election to take against this Will under the provisions of New York Decedent Estate Law or otherwise.”
Petitioner’s testamentary benefits include a bequest of $3,000, the free use of an apartment for three years and income for life from a trust fund comprising 40% of the net estate which *428 exceeds $100,000. She has received payment of the legacy and trust income and is occupying said apartment.
Respondents oppose' the application on the ground that the provisions in the will for the widow satisfy the minimum requirements of section 18 of the Decedent Estate Law, “ under which she has no right of election ” in the circumstances, and that her acceptance of the greater benefits under the will in the light of paragraph “ Third ” constituted an election to waive all statutory rights including the monetary exemption as claimed. Petitioner contends that said paragraph does not ■cover the statutory exemptions and that she has not waived them by accepting the benefits under the will.
A somewhat similar clause was held not to cover the widow’s rights under section 200 in Matter of Galewitz (3 Misc 2d 197, 201), a question not raised on appeal (3 A D 2d 280; 3 A D 2d 736; 3 A D 2d 833). Respondents however argue strongly to the contrary and rely mainly on Matter of Westerbeke (143 Misc 221, affd. 236 App. Div. 856, affd. 262 N. Y. 466) where, as here, the widow accepted greater benefits under the will under a similar general clause.
The general tendency of a Surrogate’s Court is to favor widows and dependent children of a deceased. This is especially true in connection with section 200 of the Surrogate’s Court Act which is designed for their particular benefit. Unless barred by the provisions of the section itself, they are entitled to the statutory exemptions whether decedent died testate or intestate. Need for support of the widow or children is not a factor to be considered notwithstanding the fact that possible need motivated the enactment of the statute (Matter of Barrows, 204 Misc. 339, affd. 283 App. Div. 995 and cases cited). Undoubtedly a testator may provide that a person accepting his bounty shall abandon other rights to his estate and thus put the person to an election between them. Thus a testator may provide that his wife accept the provisions for her in the will on condition that she abandon her right of dower (Lee v. Tower, 124 N. Y. 370) or her right to lapsed legacies (Matter of Benson, 96 N. Y. 499) or her right to contest the validity of a charitable bequest (Matter of Hills, 264 N. Y. 349) or her ria-ht to claim the statutory exemptions (Matter of Mersereau, 38 Misc. 208). In any such circumstance, the beneficiary must elect either to accept the conditional testamentary provision or to reject the same and assert her rights otherwise available to her. The issue here is whether petitioner’s right to claim her monetary exemption pursuant to subdivision 4 of section 200 of the Surrogate’s Court Act, was subjected to such a condi *429 tion by paragraph “ Third ” of the will, and if so, whether her acceptance of the benefits of the will constituted an election and a waiver of the exemption.
It is stated in Jessup-Redfield on Surrogate’s Law and Practice (Rev. ed., Vol. 4, § 3038): “ The making of a will cannot be made a device for divesting the exemption. Property which can be exempt just does not enter the estate. Even when such articles are named in the will, they are not operated upon when the will speaks. It has been intimated that a gift to the surviving husband by will is not in lieu of his exemption unless in express terms. It would seem to be more correct to say that a release, waiver or estoppel is necessary.”
A qualified beneficiary under section 200 may not be deprived of the exemptions without valid consent, release, estoppel or waiver. Title to the exempted articles specified in subdivisions 1, 2 and 3 vests immediately in the statutory beneficiaries (Crawford v. Nassoy, 173 N. Y. 163; Matter of Korowitz, 120 N. Y. S. 2d 498) and to the property or money exempted by subdivision 4 when the same is set oft (Matter of Jermyn, 72 N. Y. S. 2d 244). To estop a beneficiary otherwise qualified from claiming title and right of possession his prior consent to the surrender of his rights or a waiver thereof must be clear (Butler on New York Surrogate Law and Practice [1941-1950 Supp. to Vol. 2], § 1577, p. 283).
Situations where a statutory beneficiary may be estopped from claiming the exemptions under section 200 include waiver, release, assignment, refusing tender, failure to assert his right before the accounting decree or within six years after its accrual, and accepting provisions of a will made in lieu of the exemptions (4 Jessup-Redfield on Surrogate’s Law & Practice [Rev. ed.], §§ 3036, 3037; Harris on Estates Practice Guide [2d ed.], § 441, p. 702). Other than a clear consent, release, waiver or estoppel, the testator’s intention to have the provisions of the will apply in lieu of the exemptions must be expressly specified in the will or clearly implied from its contents. If not so expressed or clearly indicated, mere acceptance of greater benefits under the will will not bar the exemptions.
In the case at bar there is no express language in paragraph “Third” covering the statutory exemptions, nor is there a clear implication from the provisions of the will that they were made in lieu thereof. The reference in the paragraph to the right of election “ or otherwise ” does not bring the statutory exemptions within its coverage by necessary implication. The general tenor of the paragraph appears to relate solely to the widow’s intestate share in testator’s estate or property, *430 whether referred to as “dower” or “other interest” or “right of election under the Decedent Estate Law”, and not to her right to the exempt property which forms no part of the estate except for inventory and estate tax purposes. Moreover, the very benefits provided for petitioner under the will emphasize this apparent limitation of the coverage of said paragraph. The trust comprising 40% of the net estate exceeds the minimum one third in trust required for a surviving spouse where the decedent left descendants surviving under section 18 of the Decedent Estate Law. The legacy of $3,000 likewise satisfies the limited right of election to take $2,500 outright but significantly not enough to cover the $1,000 exemption under subdivision 4 of section 200 of the Surrogate’s Court Act. The use of testator’s apartment presumably with its housekeeping utensils, furniture and furnishings will be construed as a provision in lieu of the exemptions under subdivisions 1 and 2 of section 200, and appears to be thus recognized by the parties. But as heretofore stated there is no specific benefit provided for petitioner in lieu of the monetary exemption under subdivision 4.
In the instant case the court finds no clear testamentary intention nor any consent, waiver or estoppel to bar petitioner from claiming her monetary exemption upon accepting the provisions of the will. Petitioner is therefore entitled to have the monetary exemption set off and paid to her but without interest (Matter of Beresford, 41 N. Y. S. 2d 830).
Settle decree on notice.