Joseph A. Cox, S.
The executors have submitted their final account for settlement in which they request, among other relief, a determination of the validity and effect of the notice of election filed by the surviving spouse. Decedent and his wife were married in 1949. He executed the will on March 1, 1956. In paragraph Fifth thereof he gave a legacy of $2,500 to his wife. In paragraph Sixth he established a trust in an amount, that when added to the legacy of $2,500, would equal the widow’s intestate share. The income thereof is payable to the surviving spouse for life and upon her death the corpus is divided into various percentages among decedent’s seven brothers and sisters. It is also stated in paragraph Sixth that: “ The
foregoing provisions for the benefit of my said wife are and are intended to be in lieu of any statutory or other right in my estate conferred upon her by law ’ ’. A trust of the residue was created for the life benefit of testator’s father with the remainder to his brothers and sisters in the same percentages. Testator was survived by his widow, his father and seven brothers and sisters.
The surviving spouse alleges that she has an absolute right of election because the will requires her to waive, abandon or release her claim for statutory benefits under section 200 of the Surrogate’s Court Act in order to obtain the benefits of the trust provided for her. She also objects that certain securities standing in the name of decedent jointly with other persons are not included in the account. She claims that such securities are part of the estate and should be considered in computing her share. Her contentions are opposed by the executors, who are the father, a brother and a sister of the decedent, and also by the special guardian for infants who are contingent remainder-men of the trusts and some of whom receive fixed shares of the remainder of the trust.
*862 This question has been determined adversely to the widow’s contention. In Matter of Galewitz (3 Misc 2d 197, affd. 3 A D 2d 736, affd. 5 N Y 2d 725), the testator stated that the provision for his wife was ‘ ‘ in lieu of dower or of any other interest in my estate or in any property owned by me or in which I have an interest at the time of my death ’ ’ and in bar of her right of election under New York law or otherwise. It was held that the surviving spouse had no' right to elect because ‘ ‘ her rights under section 200 of the Surrogate’s Court. Act * * * are preserved to her by the statute independently of the operation of the will”. (See, also, Matter of Jackson, 177 Misc. 480, affd. 264 App. Div. 783; Matter of Driscoll, 12 Misc 2d 427.) The court, therefore, holds that the notice of election filed by the surviving spouse is invalid and of no effect.
On the question of jointly owned property a stipulation has been submitted in lieu of a hearing. It appears therefrom that the jointly held securities were valued at $22,733.49 at the time of decedent’s death. Prior to decedent’s marriage, and on March 11, 1946, he, his father and a brother had opened a joint account with a brokerage firm. Three of the securities involved were purchased for that account and were registered in the* three names as joint tenants with rigid of survivorship and not as tenants in common. The other stock had been purchased in 1937 by decedent and his brother and was held by the decedent in a special account with the same brokerage firm until February, 1949 when it was transferred to the joint account. Decedent contributed one half and his brother paid the other half of the purchase price of these stocks. Their father contributed nothing. In October, 1953 the securities were withdrawn from the brokerage house and placed in a safe-deposit box leased to decedent’s brother. All. dividends were divided equally between decedent and his brother and the decedent reported his share thereof for income tax purposes. Their father received no part of the dividends. Testator died on October 21, 1956. The securities involved were slightly less than one fifth of his estate.
The claim of the surviving spouse that the transfer was unreal and fictitious is dismissed. The transfer was not illusory (Newman v. Dore, 275 N. Y. 371; Krause v. Krause, 285 N. Y. 27; Matter of Halpern, 303 N. Y. 33).
The executors will file a supplemental account in accordance with the stipulation submitted. If no objections are filed to the accounts within the stipulated time, a decree may be submitted on notice.