Joseph A. Cox, S.
In this proceeding for the judicial settlement of the account of executors, the testator’s widow objects to the failure of the accountants to set apart exempt property in compliance with section 200 of the Surrogate’s Court Act. The will provides a trust of one half of the estate for the benefit of the widow and also bequeaths to her a legacy of $5,000 to be paid out of the principal of her trust. A portion of the will reads as follows: “ The foregoing provisions in favor of my wife are in lieu of all claims which she may have as my surviving spouse by way of an election to take or otherwise. I fully realize that said provisions are in excess of her right of election, as set forth in Section 18 of the Decedent’s Estate Law.”
The executors’ response to the widow’s objection is that the bequest to the widow was in lieu of exempt property and that, under the terms of the will, the widow was put to an election under which the acceptance of the testamentary benefit constituted a relinquishment of her right to the exempt property. The alternative to acceptance of the bequest is not definitively stated by the executors but it would seem that their contention as to the effect of the testamentary provision would lead to the conclusion that the widow had a right to take under the will or to reject the will in its entirety and, in the latter event, to *774 take both the exempt property and her intestate share, as defined in section 18 of the Decedent Estate Law as if the will made no provision for her. It would seem possible for a testator to provide an independent legacy as a substitute for exempt property and by such a will provision to put the surviving spouse to an election between the two benefits but that is not the pattern of this will. Here, if the position of the executors is correct, the right to exempt property is inextricably tied in with the benefits intended to be in compliance with section 18 of the Decedent Estate Law. Presumably the executors, to be consistent, would argue that this will puts the widow to a choice between the testamentary gift on the one hand and a combination of the exempt property and minimal benefits under section 18 of the Decedent Estate Law on the other hand but it would seem extremely doubtful that a conditional provision imposing such an involved burden of choice would meet the requirements of the statute (cf. Matter of Filor, 267 App. Div. 269, affd. 293 N. Y. 699; Matter of Richmond, 276 App. Div. 271).
It is the opinion of this court that the will does not put the widow to an election that affects her right to exempt property and, to express such a purpose, much clearer evidence of testamentary intention is required than is apparent from the language of this instrument (Matter of Driscoll, 12 Misc 2d 427, 430; Matter of Sommers, 200 Misc. 1013). The holding in Matter of Westerbeke (143 Misc. 221, affd. 236 App. Div. 856, affd. 262 N. Y. 466) was made prior to the enactment of section 18 of the Decedent Estate Law and at a time when a widow had a dower right. At that time a surviving spouse had no right of election to take against a will, even though wholly disinherited, and it was recognized that a husband by a voluntary bequest to his widow could put her to an election to take either the bequest or to assert her right of dower. The Westerbehe decision is inapplicable to the instant case.
The executors in deducting debts and administration expenses from the gross estate before computation of the principal amount of the widow’s trust have acted properly (Matter of Mass, 65 N. Y. S. 2d 93; Matter of Petroff, 5 Misc 2d 318).
The first objection to the account is sustained. The second objection is dismissed and, in view of such dismissal, the third objection also falls.
Submit decree on notice.