S. Samuel Di Falco, S.
The following rulings are made upon the objections addressed to the account of the executor by the husband of the decedent: Objections 1, 2, 5, 6 and 7 are based upon the objectant’s assertion of his right to exempt property under section 200 of the Surrogate’s Court Act, and the executor’s refusal to set off such property. The will, in its second paragraph, makes the minimum provision for the husband compatible with section 18 of the Decedent Estate Law. The third paragraph reads as follows: ‘ ‘ The foregoing provisions are in lieu of all claims which my said husband may have as surviving spouse whether in the exercise of a right of election, exemption or otherwise.” (Emphasis added.) It is, therefore, perfectly plain that the testatrix intended the bequest in the second paragraph to be in lieu of any right to take exempt property under section 200.
There can be no doubt that a surviving spouse may waive or surrender his or her right to exempt property. In Matter of *791 Burridge (261 N. Y. 225, 228) the Court of Appeals, referring to the voluntary relinquishment of a spouse’s right to exempt property, said: “ We have held that a wife may do so effectually where she accepts other provision for her support in lieu of her right to claim personal property from his estate. (Matter of Young v. Hicks, 92 N. Y. 235.) ”. Other decisions support the principle that the acceptance of a legacy which is given in lieu of the rights under section 200, amounts to an effective relinquishment of the rights given by that statute. (Matter of Westerbeke, 143 Misc. 221, affd. 236 App. Div. 856, affd. 262 N. Y. 466; Matter of Rosenthal, 141 Misc. 404; Matter of Bernanke, 20 Misc 2d 773, 774.)
The decisions in Matter of Galewitz (3 Misc 2d 197, affd. 3 A D 2d 736, affd. 5 N Y 2d 725), Matter of Bernanke (supra) and Matter of Berger (22 Misc 2d 860) are not in conflict with the principle applied in the cases cited above. In the three cases last mentioned, the text relied upon to put the spouse to an election, did not explicitly refer to exempt property. The distinction between the two lines of cases is very well expressed in Matter of Bernanke (supra, p. 774) wherein Surrogate Cox decided that in order to manifest an intention to put the surviving spouse to an election affecting her right to exempt property, ‘ ‘ much clearer evidence of testamentary intention is required than is apparent from the language of this instrument ”. The Surrogate pointed out that the decision in Matter of We'sterbeke had been made prior to the enactment of section 18 and at a time when a surviving spouse had no right to take against a will even though wholly disinherited. In such case, a widow had only her dower right and her right to exempt property. A surviving husband’s rights were less extensive. Against that background of law, the court might fairly give a somewhat different meaning to a testamentary expression than could reasonably be given to similar words when read against today’s quite different background of law. However, when the testamentary intention is stated explicitly and clearly, there is no need for judicial construction or for reading the words in the reflected light from background or surrounding circumstances.
The objectant argues that the will gives him only the bare minimum necessary to avoid an election under section 18, and that in such a case a testatrix cannot by her will deprive her spouse of his rights under section 200 of the Surrogate’s Court Act. It is true that the testatrix cannot deprive him of rights given to him by statute. Nor can she deprive him of his right of election if she chooses to bequeath to him less than his intestate *792 share. She may draft her will in such a way that her husband will have the right to take against the will. He may refuse to accept a legacy bequeathed to him on conditions that are unsatisfactory to him. His refusal to assent to the expressed conditions may result in his having the right to take against the will. That is the risk that a testator runs in trying to go below the minimum fixed by law. In any event, and despite the authority granted in section 18 (subd. 1, par. [h]), it is not the function of the court to change the terms of the will in order to avoid an election. We are not here concerned, however, with a right of election but only with the terms of the will as written. If the objectant takes the legacy as bequeathed to him in the will, he relinquishes any rights he might otherwise have under section 200. If he renounces the legacy, he will be entitled to the exempt property. In the absence of a renunciation of the legacy, objections 1, 2, 5, 6 and 7 are overruled.
The third objection is to the rejection of the claims of creditors. The executor rejected four claims (for drugs, food, medical services and hospital services) stating as the reason for each rejection, u that the surviving spouse of decedent is legally responsible for said claim ’ ’. Only one of the creditors — the hospital — appeared. There was dispute with respect to the amount of its claim, but all parties agreed to a settlement and adjustment of that claim in the sum of $375, leaving open the question of the decedent’s liability.
There can be no doubt that a husband is legally responsible for the medical, hospital and incidental expenses incurred during the illness of his wife insofar as they are commensurate with his means. (Matter of Burt, 254 App. Div. 584; Ross v. Fisher, 223 App. Div. 342; Matter of Stadtmuller, 110 App. Div. 76; Thrall Hosp. v. Caren, 140 App. Div. 171; Matter of Huedner, 138 Misc. 101; Matter of Aybar, 203 Misc. 372; Matter of Koretzky, 180 Misc. 108; Matter of Barnett, 84 N. Y. S. 2d 105.) The husband may be directly liable to the claimant in a case where the wife had express or implied authority to contract for such necessaries on his behalf (Thrall Hosp. v. Caren, supra) and where the wife is the express or implied agent of her husband in the transaction, she will not be personally liable to pay the claim. However, when in fact credit was extended to the wife and not to the husband, the creditor may recover from the wife or her estate even in a case where the wife might have been justified in pledging her husband’s credit. (Ryon v. John Wanamaker, New York, Inc., 116 Misc. 91, 96, affd. 202 App. Div. 848; affd. 235 N. Y. 545; Wickstrom v. Peck, 179 App. Div. 855; Matter of *793 Oppenheim, 178 Misc. 1026; 1 Williston, Contracts [rev. ed.], p. 781.) When the creditor brings action against the wife, the question is not whether, as between husband and wife, he should bear the expense rather than she, but simply whether one who has extended credit to her is entitled to recover from her estate. In the latter case, the creditor “cannot be compelled to resort to other forums and to litigate his cause with other persons with whom he claims to have no contractual relations ”. (Matter of Oppenheim, supra, p. 1028.)
On the present record there can be no doubt that the hospital extended credit to the decedent alone, and that under the authorities cited above, her estate is liable to the hospital in the sum agreed upon. The other claimants have not appeared and have not contested the rejection of their claims. There is nothing in the record to show whether the claims are fair and reasonable and that credit was in fact extended to the decedent. The third objection is, therefore, overruled except to the extent that the rejection of the hospital claim has been overruled.
A wife who has used her own resources to purchase food, drugs, medical care and other necessaries, may maintain an action in equity against her husband to 6 ‘ recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation.” (De Brauwere v. De Brauwere, 203 N. Y. 460, 464.) The husband’s obligation is to provide what is necessary and suitable according to their situation and conditions, and his financial ability is an element to be considered (p. 465). The circumstances surrounding their separation and the extent to which the husband has endeavored to discharge his legal obligations are also material elements. In this proceeding the estate does not assert any claim against the husband other than its claim that he is primarily liable to the claimants. The case was tried only upon that issue. The only evidence produced related to the question whether credit had in fact been extended to the wife. The estate has not even advanced the claim of an equitable right of reimbursement. Hence there is no question before the court of possible liability of the husband to the estate.
The fourth objection is to the amount requested in the petition for legal services rendered to the estate by the attorney executor. The court fixes the total reasonable compensation of the petitioner in the sum of $1,750. Such compensation will cover all services rendered up to and including the entry of the decree on accounting.
*794 The fifth objection is to the inclusion of exempt property in the base upon which commissions were computed, and it is academic in view of the above rulings. However, there is an error in the computation of commissions which must be corrected by the petitioner.