Harry G. Herman, S.
The decedent’s widow seeks to compel the executrix to set off $1,000 as her widow’s exemption pursuant to section 200 of the Surrogate’s Court Act. Decedent died possessed of certain real property worth, according to the petition about $23,000 and the proceeds of a life insurance policy totaling $1,871.25. The defense to the application is that there are funeral expenses of $1,901.50 and other expenses, administration and otherwise, which must be first satisfied out of the personalty leaving’ nothing out of which the widow’s exemption might be paid. The real property passes under the will to the residuary beneficiaries.
Real property can be sold, if necessary, for the purpose of paying debts, funeral and administration expenses if the personal property is insufficient. Save for certain statutory exceptions, estate assets must be utilized to satisfy such indebtednesses.
Exempt property under subdivision 4 of section 200 of the Surrogate’s Court Act forms no part of the assets of the estate (Matter of Driscoll, 12 Misc 2d 427) and is subject only to the payment of reasonable funeral expenses if there are insufficient assets in the estate. The purpose of section 200 of the Surrogate’s Court Act is to provide the widow with an immediate benefit free from any restrictions except as spelled out in the said statute. The court determines that the real property of which the decedent died seized is an asset of the estate subject to the payment of funeral expenses and other debts. Therefore the widow is entitled to her exemption of $1,000. To hold otherwise would defeat the very purpose for which section 200 of the Surrogate’s Court Act was enacted.