S. Samuel Di Falco, S.
In a prior decision in this contested accounting proceeding (30 Misc 2d 790), the court ruled that the claim filed by a hospital was valid and enforcible against the estate, credit having been extended by the claimant to the wife and not to the husband. The estate had rejected the claim on the ground that it was not a valid obligation of the decedent; it raised no claim of equitable .setoff against the husband. The present application is for permission to the executor to set off against the husband’s legacy, the hospital bill (which has now been paid) and also the funeral expenses paid by the estate.
*585 The petition alleges that all of these charges are reasonable and commensurate with the husband’s ability to pay and his station in life. The answering affidavit alleges that the husband had furnished the decedent with money to pay the hospital bill, and had in fact turned over to her substantially all of his earnings. The reply affidavit challenges this assertion in a very indirect way, but at least makes it clear that the estate does not admit that fact. At the hearing, it was conceded that the executor had in fact paid the bill for the hospital care of the decedent and had paid the entire funeral bill. No other proof was offered by either party. The case thus comes to the court on the bare fact of payment of the two items and the argument of the respective parties. The petitioner’s contention is that a husband is legally responsible for the medical and hospital expenses incurred by his wife during her illness insofar as they are commensurate with his means, and that upon proof of payment by her or by her estate, there arises an equitable right on the part of the estate to recover the sums so expended. The estate contends that the primary obligation for payment of the funeral expenses rests upon the husband, and that this obligation is his particularly where, as here, he made the funeral arrangements. The husband contends that an equitable right of recovery or set-off must be based upon affirmative proof that the husband had failed in his obligation to provide his wife with funds to meet the hospital and medical expenses.
The rule is well settled in this State that a wife who uses her own funds to pay household expenses or to provide other necessaries may compel reimbursement from her husband only where he has promised such reimbursement, either expressly or by implication of fact or of law. (Manufacturers Trust Co. v. Gray, 278 N. Y. 380, 386; Nostrand v. Ditmis, 127 N. Y. 355, 360; Third Nat. Bank v. Guenther, 123 N. Y. 568, 576.) The following statement from the opinion in Manufacturers Trust Co. v. Gray is particularly apposite in the pending case: “ Here there has been, of course, no proof of an express promise; and in the absence of proof that the wife used her own money for her support with reasonable expectation that her husband would repay it or that she was compelled to discharge his obligation to support her, because otherwise she would be without support, no finding of a promise implied in fact or in law would be justified.” In this case the wife made her own arrangements with the hospital and, as the court heretofore ruled, ‘ the hospital extended credit to the decedent alone.” (30 Misc 2d 790, 793.) There was no express promise by the husband to reimburse her *586 and nothing in the entire record that would justify the implication of a promise so to do.
The court accordingly holds that on the present record the estate has failed to establish any right to recover from the husband the amount expended for the hospital bill. It has no right to set off such claim against the legacy concededly due him.
The claim for setoff of the funeral expenses or an order compelling the respondent to reimburse the estate for such expenses, is denied. A long line of authority supports the rule “ that where the wife leaves a separate estate, although a surviving husband is under a legal obligation to bury the body of his wife, her estate is liable to the charge. It has been held that where expenditures of this sort have actually been made by the husband, his wife’s separate estate, if she had one, should reimburse him.” (Matter of Stadtmuller, 110 App. Div. 76, 77; Matter of Van Zandt, 231 App. Div. 381, 384; McCue v. Garvey, 14 Hun 562; Freeman v. Coit, 27 Hun 447, 450; Watkins v. Brown, 89 App. Div. 193; Matter of Koretzky, 180 Misc. 108.)
Submit decree on notice settling the account with this and the prior decision of the court.