S. Samuel Di Falco, S.
In this proceeding to compel payment of a legacy, questions are litigated which involve sums so small that they hardly compensate counsel for the time spent in litigating them. However, the feelings engendered in this matter appear to be so deep that amicable adjustment is not possible. It is conceded that the petitioner is entitled to immediate payment of his legacy of $2,500 after deduction of proper setoffs, and that the sum of $336.54, representing rents collected by the petitioner and payable to the estate, is a proper setoff against the legacy. The court holds that the further sum of $76 is deductible from the amount payable to petitioner. This sum represents property that, under the court’s prior ruling (30 Misc 2d 790), does not belong to the husband. The only remaining questions *346 arise from the petitioner’s demand for interest on his legacy at 6% and the respondent’s demand for interest at 6% on the sum of $336.54.
A legatee is entitled to interest on his legacy at the rate of 3% per annum, commencing seven months after the issuance of letters testamentary and, if there be unreasonable delay in making payment to him, interest at the legal rate of 6% for the period of such unreasonable delay (Surrogate’s Ct. Act, § 218). Letters testamentary were issued on March 18,1959. The legacy became payable on October 18, 1959, and interest begins to run as of that date. It is clear that petitioner is entitled to interest at 3% on the principal sum of $2,087.46 from October 18,1959.
The court has examined the account which is on file, the objections thereto and the prior proceeding herein. With respect to the four claims specified in the account, totalling $556.96 (giving the hospital claim the full value asserted by it in the accounting proceeding), the executor was justified in retaining the sum of $556.96 until the court decided the issue presented by the executor (see N. Y. L, J., April 20, 1962, p. 10, col. 4). However, there was no basis for withholding an amount equal to the funeral bill.
The records in this estate disclose no reason why this legacy could not have been paid, at the latest, immediately after the termination of the New York estate tax proceeding on April 19, 1960. It is true that some general legacies were not paid until July and August, 1960 and that the legacy reported in the account as set aside for infants on November 1, 1959 was stated on the examination of the executor to be merely a bookkeeping transaction. But judging from the amount of cash on hand in the very beginning of the administration, the disbursements shown in the account and the necessary reservations, it would appear that all general legacies could reasonably have been paid on April 20, 1961. The court holds that there was unreasonable delay in making payment of the legacy after April 20,1961, except for the retention of the sum of $556.96 to await determination by the court.
The court rules that the legatee is entitled to interest at 3% on $2,087.46 from October 18, 1959 to the date of payment; to an additional 3% interest on the sum of $1,530.50 from April 20, 1961 to the date of payment; to an additional 3% interest on the sum of $556.96 from April 21,1962 to the date of payment.
With respect to the sum of $336.54 held by the legatee, the account charged the surviving spouse with having collected that sum. In his objections, the spouse stated that he was entitled to retain that sum on account of the money due him under section *347 200 of the Surrogate’s Court Act. The court overruled the objection. Demand had been made for payment of the sum on May 8, 1959. The surviving spouse is chargeable with interest thereon at 6% from May 8,1959 to October 18,1959, as of which date that sum was set off against his legacy.