S. Samuel Di Falco, S.
The problem presented in this proceeding to determine the validity of the exercise by the widow of her right of election pursuant to the provisions of section 18 of the Decedent Estate Law arises by reason of the language contained in item 3 of the decedent’s will which reads as follows:
“ 3. If at the time of my death I am married to angela c. tisnoweb, I direct that such part of my estate as shall be equal to the amount the said angela c. tisnoweb would be entitled to receive under Section 18 of the Decedent Estate Law of the State of New York as it shall be in force at the time of my death shall be set aside and out of such amount I bequeath to her the sum of Five Thousand ($5,000.00) Dollars. I devise and bequeath the balance of such share to the trustee of this, my Will, to hold, administer, invest and reinvest and to pay to or apply for the benefit of my said wife at least annually the net income therefrom during her life, and upon her death, the principal of said trust shall fall into and become part of my residuary estate.
‘ ‘ The foregoing provisions for the benefit of my said wife are, and are intended to be, in lieu of all claims which my said wife may have as surviving spouse, whether in the exercise of a right of election, exemption or otherwise.”
Ignoring the explicit direction that the bequest to his widow was to be in lieu of exempt property the executrix shortly after the decedent’s death turned over to the widow all exempt property which she was entitled to receive under the provisions of *780 section 200 of the Surrogate’s Court Act and received a receipt and release therefor. In addition the legacy of $5,000 was paid to the widow pursuant to the provisions of item 3 and the executrix is ready to set aside the corpus of the trust created for the widow’s benefit under the decedent’s will. The widow after obtaining the permission of this court so to do has filed an election to take her intestate share of the decedent’s estate against the provisions of the will pursuant to section 18 of the Decedent Estate Law and this action precipitated this proceeding.
In the answer filed by the widow she tenders back the $5,000 specifically bequeathed to her, rejects the provisions for her under the decedent’s will, asserts that the condition attached to the bequest, to wit, that she accept such bequest in lieu of her exempt property gives rise to a right of election on her part and further alleges that the testator in providing for her intended her to take a lesser amount than provided for by law.
The exempt property which passes to a surviving spouse under the provisions of section 200 of the Surrogate’s Court Act does so independent of any testamentary provision, does not form a part of the testamentary estate and cannot be considered in computing the surviving spouse’s intestate share of the estate when a right of election is exercised (Matter of Jackson, 177 Misc. 480, affd. 264 App. Div. 783; Matter of Curley, 160 Misc. 844). Thus it would not appear to this court that a decedent by a provision of his will could deprive a surviving spouse of exempt property. Nevertheless, this does not prevent a testator from making an alternate provision for the benefit of his wife which puts her to a choice between the will provisions and the exempt property. As my learned associate Surrogate Cox stated in Matter of Bernanke (20 Misc 2d 773, 774): “ It would seem possible for a testator to provide an independent legacy as a substitute for exempt property and by such a will provision to put the surviving spouse to an election between the two benefits ”. In Matter of Westerbeke (143 Misc. 221, 223, affd. 236 App. Div. 856, affd. 262 N. Y. 466) the court stated: “It is a universal rule, however, that a testator may make a will in such a manner that a widow must elect whether to take the benefits given her under it or those given by statute. When it appears from the will that the provision therein made for the widow is intended to be in lieu of that made by law, she must elect between the will and the law, and cannot have the provision made by both.”
That is precisely what the testator in the case at bar has done. He first made provisions for his wife which in all respects meet the statutory requirements and which standing by themselves *781 would leave her with no right to take against the provisions of the will. However, by requiring her to accept these provisions in lieu of any other property which she might be entitled to take as a matter of law he has in fact diminished her rights in his estate and so conditioned the gift as to give her the right to elect to take against the will (Matter of Richmond, 276 App. Div. 271; Matter of Driscoll, 12 Misc 2d 427).
Both in Matter of Bernanke (supra) and Matter of Berger (22 Misc 2d 860) this court decided somewhat similar questions adversely to the surviving spouse on the ground that the language contained in the will did not evidence a clear intention to put the widow to a choice between the exempt property and the provisions of the will. In both instances the court recognized the widow’s absolute right to the exempt property. In the case at bar the language is explicit and does require the widow to make a choice between the provisions of the will and the exempt property. The attempt by the executrix to ignore the condition imposed by the testator for acceptance of the bequest in order to cure the possible invalidity of the provision is of no effect. A fiduciary cannot change or defeat any of the existing rights of the .surviving spouse which result from the failure of the will to comply with the provisions of section 18 of the Decedent Estate Law. ‘ ‘ Whether a widow has a right of election pursuant to section 18 depends exclusively upon the terms of the will, construed in the light of that statute.” (Matter of Matthews, 255 App. Div. 80, 85.) As this court also indicated in Matter of Rubin (30 Misc 2d 790) the surviving spouse may refuse to accept the legacy bequeathed to him or her on conditions that are unsatisfactory to him or her. In the case at bar the testator imposed a condition which was unacceptable to the surviving spouse and improperly imposed upon her a choice which would have had the effect of diminishing her interest in the decedent’s estate if she had accepted such provisions.
The claim that the widow by accepting the exempt property is now estopped from her right of election is also without validity as her acceptance of such property is consistent with the fact that the exempt property is hers as a matter of statutory right which she cannot be deprived of unless she voluntarily waives such right. Likewise her acceptance of the bequest of $5,000 pursuant to the provisions of the will does not constitute an estoppel as no one has been prejudiced thereby and the said sum can be set off against the widow’s elective share in the estate. The court, therefore, finds that the widow has validly exercised her right of election.