John D. Bennett S.
This is a proceeding pursuant to section 145-a of the Surrogate’s ‘Court Act for determination as to whether the election to take against the will made by George O. Friedrichs, as surviving spouse of Mary E. Friedrichs, deceased, is valid and effective, and for the court to construe paragraph second of the will herein.
The problem presented in this proceeding to determine the validity of the exercise by the widower of the right of election pursuant to section 18 of the Decedent Estate Law arises by reason of the language contained in the following pertinent portion of paragraph second of the decedent’s will which reads as follows: “A. I. Subject to the conditions hereinafter set forth in Sub-paragraph ‘ II ’, I give, devise and bequeath to my Trustee hereinafter named such part of my estate as shall be equal to the intestate share distributable to my husband as determined by the laws of the state of New York in force and effect at the time of my death (without requiring my husband to assert the right to elect to take such part of my estate), in trust, nevertheless, to pay the net income to my husband for his life; provided, however, that in no event shall the gift herein made to my ©aid Trustee for the benefit of my husband excede one-half (%) of my estate after the deduction of debts, funeral and administration expenses and any estate tax. This provision for the benefit of my husband is intended to be in lien of any statutory or other rights in my estate conferred upon him by law,”
*801 Whether a widow has a right of election pursuant to section 18 depends exclusively upon the terms of the will construed in the light of that statute (Matter of Matthews, 255 App. Div. 80, 85). Under section 18, a surviving spouse may elect against a will which fails to provide the statutory minimum required by such section. The right of election accorded to a surviving spouse pursuant to section 18 of the Decedent Estate Law is measured by the right to share in the net assets of the estate which the survivor would have possessed if the decedent had died intestate subject, however, to the limitation that in no event is the survivor entitled to receive a bequest from the estate exceeding one half of the net assets. It is provided in former section 83 (applicable to estate of decedents dying prior to March 1, 1964) that the surviving spouse is entitled to one third of the net assets of an intestate estate if children or legal representatives of the children survive him. The exempt property which passes to the surviving spouse under section 200 of the Surrogate’s Court Act does so independently of any testamentary estate, and cannot be considered in computing the surviving spouse’s intestate share of the estate when a right of election is exercised (Matter of Jackson, 177 Misc. 480, affd. 264 App. Div. 783).
Sections 83 and 18 of the Decedent Estate Law concerning the rights of the surviving spouse have been liberally construed, and the cases have repeatedly held that such rights may not be “whittled down ” (Matter of Matthews, supra; Matter of Altman, 160 Misc. 812; Matter of Clark, 1 A D 2d 567; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787).
A careful examination of the aforesaid pertinent provisions of paragraph second of the decedent’s will, more particularly that portion of the same Which reads: 1 ‘ This provision for the benefit of my husband is intended to be in lieu of any statutory or other rights in my estate conferred upon him by law”, clearly, in the court’s opinion, indicates that the surviving spouse would have no right to the statutory exemptions provided in section 200 of the Surrogate’s Court Act if he accepted the trust provisions contained in the will.
The court finds that the trust provisions of the decedent’s will as contained in paragraph second require the surviving spouse to surrender his exemption under section 200 of the Surrogate’s Court Act in order to receive the benefits under the trust. Accordingly the provisions of the said will do not provide the minimum statutory benefits accorded to the sur *802 .viving spouse if the decedent had died intestate, and tile surviving spouse therefore has an absolute right of election (Matter of Tisnower, 40 Misc 2d 778; Hatch v. Bassett, 52 N. Y. 350; Peck v. Sherwood, 56 N. Y. 615).