Henry T. Nusbaum, J.
The plaintiff herein sues to recover the sum of $1,268 for funeral services rendered in connection with the burial of one Joseph White, Jr. The action was instituted against the defendant who was designated on the summons as Harriett White, also known as Harriett Howell. In defense thereof the defendant has pleaded a general denial, the Statute of Frauds (General Obligations Law, § 5-701 and § 3440-a of the Public Health Law).
The plaintiff, through David M. Jaudon its president, testified that he had entered into the contract to render funeral services at the request of the defendant who represented herself to be the decedent’s wife. Nevertheless, the court is convinced from all the testimony adduced at the trial that the defendant never held herself out to be the decedent’s wife and that the plaintiff knew or should have known she was not the decedent’s wife.
The plaintiff was first called in to make the funeral arrangements by the decedent’s sister, one Earline David, with whom he had had prior business dealings. The decedent died on June 9, 1969. On June 10, 1969, on the occasion of the selection of a casket the defendant in the presence of Mr. Jaudon signed her name to a casket order as Harriett E. Howell. The defendant raises no defense as to this item in the amount of $633 and agrees to pay for same. Her defenses are raised, however, against the balance of the funeral bill amounting to $635 which she claims she neither arranged for nor ordered. No signed written memorandum was produced with respect to the other items set forth on the bill now submitted, and from the testimony this court is inclined to believe that the balance of the funeral arrangements was made by the decedent’s sister, as claimed by the defendant. It is also apparent to this court that, in violation of section 3440-a of the Public Health Law, no written statement of the services and merchandise to be furnished together with the total price of the funeral was furnished to this defendant. However, it is the opinion of this court that the violation of the Public Health Law would not in and of itself bar the plaintiff from recovery. Section 3440-a of the Public Health Law is a statute which is penal in nature and section 3450 of the Public Health Law provides for the penalties which may be imposed by the Commissioner of Public Health in the event of violation of the statute (Rosasco Creameries v. Cohen, 276 N. Y. 274).
*88 An examination of the cases reveals that liability for funeral expenses has been strictly limited. The primary liability for such expense rests upon the decedent’s estate (Matter of Billman, 143 Misc. 765; Apostle v. Pappas, 154 Misc. 497), and is preferred over all other debts of the decedent (SCPA 1811). In the absence of an express or implied contract, no person other than a husband has the absolute legal obligation to pay for reasonable funeral expenses. (Watkins v. Brown, 89 App. Div. 193; Matter of Vitelli, 146 Misc. 17), and this rule is vaguely based upon the husband’s obligation to support his wife, and public sentiment (Patterson v. Patterson, 59 N. Y. 574). The preponderance of cases in this State do not fasten a reciprocal liability upon a wife unless the estate is incapable of paying the cost of burial (Rutecki v. Lukaszewski, 273 App. Div. 638; Apostle v. Pappas, supra). It follows inescapably that the defendant in the case at bar cannot be held liable for the payment of funeral expenses other than the casket unless she contracted to pay for same, and from the testimony adduced at the trial, I find that she made no such contract.
It becomes unnecessary, therefore, to pass upon the defense of Statute of Frauds, but I am of the opinion that that defense is also applicable. Under the provisions of subdivision 2 of section 5-701 of the General Obligations Law, an agreement, promise or undertaking is void unless some note or memorandum thereof is in writing subscribed by the party to be charged therewith if such agreement or promise is one to answer for the debt of another person. The defendant as the decedent’s friend had no obligation to pay his funeral expenses, and her oral promise to pay for the decedent’s funeral expenses, if in fact she made such a promise, would be void and unenforceable.
I find, therefore, that the defendant Harriett E. Howell is liable only for the payment of the casket and judgment in the sum of $633 without costs may be entered against her. Ten days ’ stay of execution.