OPINION OF THE COURT
Pasquale Bifulco, J.
After trial and the stipulated facts, the court’s findings of fact are as follows:
That Dominic Gatto died on September 1, 1986 and the funeral was held at the Colonial Funeral Home. Susan Guida, sister of the decedent (Dominic Gatto), made the funeral arrangements with Colonial Funeral Home.
*510 That Betty Gatto, the spouse of the decedent, and decedent were voluntarily separated, i.e., without court order or written separation agreement. They had been married 38 years, and had not resided together for a period of approximately four years between 1981-1985. She did not attend his funeral nor did she attempt in any way to arrange for the burial and funeral. However, she was immediately notified of her husband’s death by their son. That the assets of Dominic Gatto’s estate totaled $400, a house passed by tenants by the entirety to his wife Betty Gatto. The debts of the estate included medical bills which were in excess of $400. The Colonial Funeral Home bill for Dominic Gatto was $4,477 which this court finds to be reasonable under the circumstances.
It is the basic rule of law that primary liability for payment of a decedent’s reasonable expenses rests upon the decedent’s estate. (Jaudon v White, 60 Misc 2d 86 [1969].) Furthermore, real property held by husband and wife as tenants by the entirety passes directly to the surviving spouse and is not part of the decedent’s estate out of which funeral expenses must be paid. (Matter of Arnold, 54 Misc 2d 413 [1967].)
At common law, the husband was legally obligated to bury his deceased wife and pay the funeral expenses, even though the wife had no such reciprocal obligation to the husband. (Apostle v Pappas, 154 Misc 497, 499 [1935]; Matter of Koretzky, 180 Misc 108 [1943]; Patterson v Patterson, 59 NY 574 [1875].) In common law the female spouse was considered subservient to the male spouse and at times considered as a "chattel” of the male spouse. However, it is the court’s position that the liability of a widow for her husband’s funeral expenses should be examined on principles and in the light of circumstances and conditions of present day society.
In Apostle (supra), the court stated that in the case where the deceased is married, the duty of burial falls upon the surviving husband or wife if the decedent’s estate is insufficient to pay for it. The court held that "the reasonable funeral expenses to decently bury a woman’s deceased husband, where his estate is incapable of paying for them, should be chargeable against her own separate estate, if adequate, as an obligation imposed by law which arises out of the rights and duties inherent in and to the marital status and from a public policy to decently bury the dead.” (Apostle v Pappas, supra, at 502.) This court opts to follow Apostle’s reasoning and finds the widow is responsible to pay for her deceased husband’s funeral when his estate is inadequate to do so as is here.
*511 The public policy remains that the dead have a decent burial. No one can seriously argue that rights of the common-law female spouse have not changed dramatically since the early common law. The rights of the female spouse have greatly increased with the changing and understanding of time and properly so. Society has been striving for equality and eradication of bias based upon gender. However, with the increase in rights and equality comes corresponding obligations. The court further finds the fact that the wife was separated from the husband at the time of his death to be irrelevant to the issue of responsibility to pay funeral expenses. (See, Matter of Vitelli, 146 Misc 17 [1932]; Watkins v Brown, 89 App Div 193 [1903].)
In the case at bar, Dominic Gatto, the deceased, died leaving $400 in assets and a house held as tenants by the entirety with defendant Betty Gatto which she sold for $57,500. The circumstances of the facts of this case, i.e., wife’s getting sole title of marital dwelling, cry out for the court’s application of the law of equity. If one seeks justice and equity one should do justice and equity. In accord with the above citations, the $400 which Mr. Gatto did leave is, by statute, required to be applied towards the funeral bill prior to payment of any other debts, including medical expenses. If defendant Susan Guida paid said medical expenses from the deceased’s estate prior to payment of the funeral bill, then she has failed to adhere to the requirements of an executrix under the SCPA.
Accordingly, judgment for plaintiff against Betty Gatto in the sum of $4,077 with interest from June 15, 1986 plus costs and disbursements; and judgment is also rendered for plaintiff against Susan Guida in the amount of $400 plus interest from June 15, 1986.